**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

July 26, 2005

Michael Craig Worsham, Esquire
1916 Cosner Road
Forest Hill, Maryland 21050

Nathan D. Adler, Esquire
Neuberger, Quinn, Gielen, Rubin, & Gibber PA
One South Street 27th Floor
Baltimore, Maryland 21202-3282

James J. Faughnan, Esquire
Michael C. Zisa, Esquire
Quagliano & Seeger, P.C.
21355 Ridgetop Circle, Suite 110
Dulles, Virginia 20166-8503

Subject:   Richard Michael Parrotte v. American Express Travel
           Related Services Company, Inc., et al.
           Civil No.  MJG-04-2743

Dear Counsel:

The above-referenced case was brought under the Fair Credit Reporting Act and referred to me on July 15, 2005 for the resolution of discovery disputes pursuant to 28 U.S.C. §636. Currently ripe for court's review are Defendant Equifax's Motion for a Protective Order (Paper No. 24) and plaintiff's Motion for Extension of Time to Name Expert and File Rule 26 Report (Paper No. 27). The court will address each motion in turn.

   1.   **Defendant Equifax's Motion for a Protective Order**

Defendant filed this motion in response to a notice served by the plaintiff that the defendant, Equifax, would be deposed in Baltimore, Maryland. Equifax argues that depositions of corporations are usually taken at the principal place of business which, in this case, is Atlanta, Georgia. Equifax further maintains that none of its representatives live in Maryland and that requiring a representative to travel to Maryland would impose an undue burden on it. (Paper No. 24 at 2-3). Finally, Equifax argues that while it has employed local counsel in accordance with the Local Rules, lead counsel is also located in Atlanta. (Id. at 3).

Although there is an initial presumption that a corporate defendant should be deposed at its principal place of business, the court must consider several additional factors when reviewing a motion to change the location from that listed on the deposition notice. Turner v. Prudential Insurance Company of America, 119 F.R.D. 381, 383 (M.D.N.C. 1988). The court must first consider the burden on the

Letter to Counsel - <u>Richard Michael Parrotte v. American Express Travel</u>
<u>Related Services Company, Inc., et al.</u>
Civil No. MJG-04-2743

July 26, 2005
Page 2

defendant in terms of the cost of transportation, lost work, and the expense of moving a large number of documents. <u>Id.</u> Moreover, while the plaintiff's financial hardship alone is insufficient to alter the general rule, large disparities in burden and convenience
and the location of the parties' counsel in the forum district support holding a deposition in a location other than the corporation's principal place of business. <u>Id.</u>

In this case, Equifax is a large national credit reporting company that maintains a registered agent in the state of Maryland. (Paper No. 28 at 1-2). Equifax has indicated that it would send only one representative, (Paper No. 24 at 3), and it has not noted any burden resulting from the transportation of a large number of documents. Like the defendant in <u>Turner</u>, Equifax conducts business in numerous states and, therefore, "can well be expected to have claims and actions brought . . . in those states." <u>Turner</u>, 119 F.R.D. at 384. By contrast, plaintiff is an individual consumer who resides in Maryland now and when the circumstances giving rise to this case occurred. (Paper No. 1 at 2). The plaintiff has hired a solo attorney located in Maryland on a contingency fee basis. (Paper No. 28 at 3). In addition, the location of counsel indicates that examination in Baltimore is more appropriate than in Atlanta. Plaintiff's counsel is located in Forest Hill, Maryland, and the only counsel that has entered appearance on behalf of Equifax is located in Baltimore, Maryland. The disparity between the parties' resources and the location of both counsel in Maryland provide sufficient reason to examine the defendant in Baltimore.[1]

Therefore, Equifax's Motion for a Protective Order, (Paper No. 24), is DENIED.

### 2.     Plaintiff's Motion for Extension of Time to Name Expert and File Rule 26 Report

Plaintiff filed this motion to extend the parties' deadlines to designate experts arguing that difficulties resolving discovery disputes have prevented plaintiff from meeting all of the required deadlines regarding disclosures and because defendant American Express Travel Related Services Company ("AmEx") recently filed a counterclaim which further necessitates plaintiff's utilization of an expert. (Paper No. 27 at 2). Plaintiff argues that there is no prejudice or surprise to either defendant because defendants were aware that plaintiff anticipated naming Evan Hendricks and they are familiar with him from a related case, <u>Wu v. Trans Union, L.L.C. et al.</u>, Civil No. AW-03-1290. (Paper No. 27 at 1). Defendant AmEx filed an opposition to plaintiff's motion, (Paper No. 29), which argues that plaintiff has consistently failed to meet discovery deadlines set forth in the court's scheduling order and the local rules. (Paper No. 29 at 10-14).[2]

Considering the entire record in this case, and because defendant has not demonstrated that it

---

[1] The court also notes that Judge Schulze reached the same conclusion in a similar case, <u>Wu v. Trans Union, L.L.C., et al.</u>, Civil No. AW-03-1290 (Paper No.138).

[2] Defendant Equifax has incorporated the arguments of AmEx's motion in its Motion for Joinder in Opposition to Plaintiff's Motion to Name Expert After Deadline. (Paper No. 32). The Motion for Joinder is granted, but the requested relief is denied.

Case 1:04-cv-02743-MJG   Document 39   Filed 07/26/05   Page 3 of 3

Letter to Counsel - <u>Richard Michael Parrotte v. American Express Travel
              Related Services Company, Inc., et al.</u>
              Civil No. MJG-04-2743
July 26, 2005
Page 3

would suffer any prejudice from the extension of the deadlines, plaintiff's motion is granted. The court cautions plaintiff to meet all remaining deadlines set forth in Judge Garbis' scheduling order of December 14, 2004 as well as the applicable local rules.

### 3.     Remaining Motions

I note that both parties have filed notices with the court of motions to compel discovery, pursuant to Local Rule 104.8. (Paper Nos. 31 and 36). The court will address these motions if and when they become ripe.

For the foregoing reasons, Defendant Equifax's Motion for a Protective Order (Paper No. 24) is DENIED and plaintiff's Motion for Extension of Time (Paper No. 27) is GRANTED. Plaintiff's deadline for expert disclosures is extended to July 11, 2005, defendants' deadline for expert disclosures is extended to August 17, 2005, the deadline for plaintiff to designate rebuttal experts is extended to August 24, 2005, and the deadline for supplementation of disclosures and responses is extended to September 19, 2005.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge