IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD MICHAEL PARROTTE          *

       Plaintiff          *

     vs.          *   CIVIL ACTION NO. MJG-04-2743

AMERICAN EXPRESS TRAVEL RELATED *
SERVICES COMPANY, INC., et al.
                  *

       Defendants
*          *          *          *          *          *          *          *          *

## MEMORANDUM AND ORDER

The Court has before it Defendant Equifax Information Sesrvices (sic), LLC's Motion for Summary Judgment [Paper 58] and the materials filed relating thereto.  The Court finds it unnecessary to have a hearing on the instant motion.[1]

I.   BACKGROUND

As set forth more fully in the Memorandum and Order issued December 12, 2005 [Paper 59] ("the 2005 Memorandum and Order"), Plaintiff Richard Michael Parrotte ("Plaintiff" or "Parrotte") disputed several thousand dollars of MCI charges on his American Express bill and consequently did not pay the alleged amount due. In turn, American Express[2] reported Parrotte's account as past

---

[1]     The Court has held a hearing with regard to the summary judgment motion filed by the American Express defendants.

[2]     The American Express-related defendants herein are referred to, collectively, as "American Express."

due to three major consumer reporting agencies, including

Defendant Equifax Information Services, LLC ("Equifax").  In the

2005 Memorandum and Order, the Court granted summary judgment to

American Express for the reasons stated therein.  On essentially

similar reasoning, the Court shall grant summary judgment to

Equifax as well.

Equifax is a consumer reporting agency, an entity that

assembles and produces credit reports for use by its clients in

evaluating the potential credit risk of consumers.  Equifax

accepts information on a consumer's credit only from those

sources that are determined by Equifax to be reasonably reliable

either on the basis of its prior experience, or because of the

particular source's reputation.  American Express is one such

source of information.  Def.'s Mot. for Summ. J. at 3.

When a dispute occurs, Equifax typically follows several

reinvestigation procedures.  Initially, it reviews and considers

the relevant information that the consumer submits regarding the

nature of the dispute.  If such a review does not resolve the

dispute, then Equifax notifies the source of the account and

relays all relevant information provided by the consumer.  The

dispute is communicated via a form called a Consumer Dispute

Verification ("CDV").  The source then conducts an investigation

and reports the results back to Equifax.  In turn, Equifax

2

provides the consumer a written response to each dispute,
including the updated account information.

In the instant case, Plaintiff contacted Equifax four times
from October 2001 to January 2002 to dispute the American Express
charges appearing on his record.  Def.'s Mot. for Summ. J. at 8-
10.  In response, Equifax communicated Plaintiff's concerns to
the source of the disputed charges, American Express.  To handle
the dispute, Equifax relied on a contractor whose agents
initiated the CDV process.  Equifax sent Plaintiff a written
notice of the results of this investigation and a copy of his
credit report.  Each time Parrotte disputed an American Express
charge in collection status appearing on his record, Equifax
verified with American Express that the account was accurate and
notified Plaintiff of this response.  This process repeated from
October 2002 to May 2004.  During that time, Equifax continued to
provide to Plaintiffs' creditors and potential creditors a
version of his consumer credit report, resulting in credit
denials to Plaintiff.  Compl. ¶ 11.

Plaintiff has sued Equifax on various theories based on the
Fair Credit Reporting Act and state law.  By the instant motion,
Equifax seeks summary judgment on all claims.

## II.   LEGAL FRAMEWORK

### A.   Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court views the evidence presented in regard to the motion for summary judgment in a light most favorable to the non-movant.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would be entitled to judgment as a matter of law at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).


### B.   Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA" or "the Act"), 15 U.S.C. §§ 1681, 1681a to 1681t (2000), relates to the preparation, dissemination, and use of credit reports.  The FCRA provides in its initial section:

> It is the purpose of this title to require that
> consumer reporting agencies adopt reasonable procedures
> for meeting the needs of commerce for consumer credit,
> personnel, insurance, and other information in a manner
> which is fair and equitable to the consumer, with
> regard to the confidentiality, accuracy, relevancy, and

proper utilization of such information in accordance
with the requirements of this title.

15 U.S.C. § 1681(b) (2000) (emphasis added).

A consumer reporting agency is required to follow
"reasonable procedures to assure maximum possible accuracy" of
the information contained in a consumer's credit report.  15
U.S.C. § 1681e(b).  However, it is not "strictly liable for all
inaccuracies." Henson v. CSC Credit Servs., 29 F.3d 280, 284
(7th Cir. 1994) (quotation omitted).  Thus, a consumer reporting
agency will not be liable under 15 U.S.C. § 1681e(b) if it
reported inaccurate information on a consumer's credit report
provided it followed "reasonable procedures to assure maximum
possible accuracy." Id.

The Act refers to the investigation conducted by a consumer
reporting agency in response to a consumer dispute as a
"reinvestigation."  15 § U.S.C. 1681i (2000).  The Act requires
that agencies reinvestigate disputed information if the
completeness or accuracy of any item of information contained in
a consumer's file is disputed by the consumer and if the consumer
notifies the agency directly of such dispute.  Id. § 1681i(a).

Additionally, the Act "imposes civil liability on any
'person' (which includes any corporation or other entity, 15
U.S.C. § 1681a(b)) who willfully, § 1681n, or negligently, §
1681o, fails to 'comply with any requirement imposed' under the

5

Act."  Ausherman v. Bank of Am. Corp., 352 F.3d 896, 899-900 (4th

Cir. 2003).  "A consumer reporting agency that violates the

provisions of the Act negligently may be liable to the consumer

for actual damages, costs and attorney fees; a willful violation

may make the agency liable to the consumer for punitive damages."

Anderson v. Trans Union, LLC, 345 F.Supp. 2d 963, 970 (W.D. Wisc.

2004) (citations omitted).


III.  DISCUSSION

    A.  FCRA Claims

    Plaintiff asserts that Equifax is liable under 15 U.S.C. §

1681e(b) for failure to assure the maximum possible accuracy in

his credit reports and 15 U.S.C. § 1681i(a) for failure to

conduct a reinvestigation of disputed charges.  He also contends

that Equifax willfully violated the FCRA by continuing to report

information about him when it had no obligation to do so and had

been put on notice of the information's inaccuracy.

    The FCRA does not impose strict liability on consumer

reporting agencies.  Dalton v. Capital Associated Indus., Inc.,

257 F.3d 409, 416 (4th Cir. 2001).  It is the plaintiff's burden

"to show that the consumer reporting agency did not follow

reasonable procedures."  Id. at 416 (citing FCRA § 1681e(b)).

The FCRA defines the phrase "reasonable cause to believe that the

information is inaccurate" as "having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."  15 U.S.C. § 1681s-2(a)(1)(D) (2000).

Plaintiff has presented no evidence that would cause a reasonable person to question the accuracy of the MCI charges on his American Express account.[3]  Instead, he merely alleges that Equifax's investigative efforts were insufficient and that its reliance on American Express's inquiry was somehow faulty.

In order to defeat a motion for summary judgment, "the party opposing the motion must present <u>evidence</u> of specific facts from which the finder of fact could reasonably find for him or her." <u>Mackey v. Shalala</u>, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).  Plaintiff has not presented evidence adequate to raise a genuine issue of material fact so as to avoid summary judgment on his FCRA claim.[4]

---

[3]     In the 2005 Memorandum and Order at 9-10, the Court determined that American Express was justified in relying on its merchant's investigation into Parrotte's disputes.

[4]     In the absence of a viable claim for a violation of the FCRA, it is not necessary to discuss Plaintiff's claim for punitive damages based upon a willful violation.

B.   <u>State Law Claims</u>

Parrotte asserts four state law claims against Equifax: 1) Common Law Negligence; 2) Defamation; 3) False Light Invasion of Privacy; and 4) "Maryland Commercial Law Article."

The FCRA provides, in relevant part:

> No consumer may bring any action or proceeding in the nature of <u>defamation</u>, <u>invasion of privacy</u>, or <u>negligence</u> with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the use has taken adverse action . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (2000) (emphases added).

Plaintiff presents no evidence adequate to establish malice or a willful intent to injure him. Accordingly, his negligence, defamation, and invasion of privacy claims are preempted by the FCRA.

As held in the 2005 Memorandum and Order, the Maryland Commercial Law provisions cited by Plaintiff, §§ 14-1205 and 14-1208, do not provide a private right of action for consumers in the event that inaccurate information is conveyed to consumer reporting agencies.

In sum, Equifax is entitled to summary judgment on Plaintiff's state law claims.

8

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

    1.   Defendant Equifax Information Sesrvices (<u>sic</u>), LLC's Motion for Summary Judgment [Paper 58] is GRANTED.

    2.   Judgment shall be entered by separate order.

SO ORDERED, on <u>Friday, April 14, 2006</u>.


                  _____/ s /_____
                         Marvin J. Garbis
               United States District Judge